

# NUMBER 13-24-00235-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN THE INTEREST OF J.H., J.H., AND N.R.C., CHILDREN

### ON APPEAL FROM THE 377TH DISTRICT COURT
### OF VICTORIA COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Tijerina and Peña
Memorandum Opinion by Justice Tijerina**

Appellant H.C. (the Mother) appeals from a judgment appointing her possessory conservator of her two minor children.[1] By one issue, the Mother contends that the trial court abused its discretion by ordering that she may have visitation only when Denise's therapist allows it. Appellee, the Department of Family and Protective Services (the Department), concedes that the trial court abused its discretion in this regard. We affirm

---

[1] We refer to the parties by initials and the children by aliases in accordance with the rules of appellate procedure. *See* TEX. R. APP. P. 9.8(b)(2).

in part and reverse and remand in part.

## I. PERTINENT FACTS[2]

The Department filed a petition to terminate the Mother's parental rights, and the trial court held a bench trial on the Department's petition. At the trial, a Department employee testified that Denise did not want to have visitation with the Mother. However, the same employee then stated that Denise "still wanted to see [the Mother]," Denise "loves her mom, but there was a lot of tension going," and Denise "felt like her mom didn't understand her." The employee informed the Mother that visitation was "still open" but "it would be up to [Denise] if she chose to attend or not." Evidence was presented that the Mother had completed her family services, that she had been "sober" during the pendency of the case, and that "there's no record of any safety risks in [the Mother's] home."

After hearing the evidence, the trial court denied the Department's request to terminate the Mother's parental rights, it appointed the Department as the sole managing conservator of Denise, and appointed the Mother possessory conservator. The trial court ordered that the Mother's visitation with Denise would be "at times mutually agreed to in advance by the parties" and if the parties were unable to agree, then visitation between the Mother and Denise would be "determined by [Denise]'s therapist." This appeal followed.

## II. DISCUSSION

By her sole issue, the Mother contends that the trial court abused its discretion by

---

[2] The Mother's appeal only concerns her visitation with Denise. Thus, we will not discuss the other children for purposes of brevity.

restricting visitation with Denise. Specifically, the Mother argues that the trial court improperly placed access to the child within control of the child because the therapist cannot determine when visitation can occur until the child says so. Mother further argues that the denial of access to the child is not made in plain and unambiguous language. The Mother asks this Court to remand the case "in part and to instruct the trial court to sign a custody order that either articulates appropriate times and conditions for the Mother's access to [Denise] or, should the evidence support such a decision, completely bars her from access to the child." The Department concedes that the trial court abused its discretion. The Department states:

> Texas Family Code [§] 153.193 provides that when a parent is appointed possessory conservator, the terms of an order that deny possession of a child to a parent or impose restrictions or limitations on a parent's access to a child may not exceed those that are required to protect the best interest of the child.

The Department cites case law in which other Texas courts of appeals have held that similar language as that in the complained-of order "is not sufficiently specific, as it has the effect of denying a possessory conservator access to the child for an indeterminate amount of time without a finding that such limited access to the child would be in the child's best interest." The Department makes the same request that the Mother makes, i.e., that we

> reverse the portion of the trial court's final order limiting [the] Mother's access to [Denise], instruct the trial court to sign an amended order that articulates appropriate times and conditions for [the] Mother's access to [Denise] or completely bars her from access to the child, and affirm the trial court's judgment in all other respects.

> In *In re J.Y.*, the trial court ordered visitation to be based on an agreement of the

3

parties, and in the absence of an agreement, visitation would be pursuant to the children's counselor's recommendation. 528 S.W.3d 679, 688–91 (Tex. App.—Texarkana 2017, no pet.). The court of appeals reversed that portion of the judgment. *Id.* at 691. The court reasoned that "[t]he trial court could not make an order that denied [the parent] access to her children unless it decided that the children's best interest warranted such an order," and the complained-of order was "not sufficiently specific as to the times and conditions for [the parent's] possession of or access to [the children]." *Id.*

"In cases where the record indicates the trial court's intent was to issue an order imposing specific conditions or restrictions, the 'judgment must state in clear and unambiguous terms what is required for the conservator to comply.'" *In re J.J.R.S.*, 627 S.W.3d 211, 224 (Tex. 2021). The order must indicate that limited access to the child is in the child's best interest. *See id.* Restricting access to a child based on when a child's therapist allows it to happen could have the effect of denying a parent any access to the child for an indeterminate time. *See In re J.Y.*, 528 S.W.3d at 690 (concluding that the very same language in the visitation order could effectively cause no visitation). The trial court is prohibited from making an order that denies a parent access to her children unless it decided that the children's best interests warranted such an order. *See id.* at 691.

However, here, although the trial court indicated that it wished to restrict visitation, the order could effectively deny any visitation. *See id.* The order does not specifically state that the trial court found that denying all access to the child is in the child's best interest. *See In re J.J.R.S.*, 627 S.W.3d at 224; *see also In re J.Y.*, 528 S.W.3d at 691. Furthermore, even if the trial court wanted to merely restrict visitation, the order is not

4

sufficiently specific as to the times and conditions for the Mother's possession of or access to Denise. *See In re J.J.R.S.*, 627 S.W.3d at 224; *see also In re J.Y.*, 528 S.W.3d at 691. Therefore, we agree with the Mother and the Department that the trial court abused its discretion. *See In re J.Y.*, 528 S.W.3d at 691; *see also In re S.V.*, 599 S.W.3d 25, 37–38 (Tex. App.—Dallas 2017, pet. denied) (reversing a portion of the trial court's order conditioning father's access to the children on the children's desires and remanding the case for the trial court to sign a custody order "that either articulates appropriate times and conditions for Father's access to the children, or should the evidence support such a decision, completely bars him from access to the children"). Accordingly, we sustain the Mother's sole issue.

### III.    CONCLUSION

We reverse that part of the trial court's judgment providing that if the parties are unable to agree as to visitation, Mother shall have visitation with Denise, as "determined by [Denise]'s therapist," and we remand for further proceedings consistent with this memorandum opinion. We affirm the trial court's judgment in all other respects.

JAIME TIJERINA
Justice

Delivered and filed on the
8th day of August, 2024.

5